**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HYACINTH RISMAY,**

      **Plaintiff,**

v.                                             **Case No: 6:21-cv-1552-EJK**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

      **Defendant.**

**ORDER**[1]

This cause comes before the Court on Plaintiff's appeal of an administrative decision denying her application for Disability Insurance Benefits ("DIBs") and Supplemental Security Income ("SSI") payments. (Doc. 29 at 1.) Plaintiff alleges January 5, 2013, as the disability onset date. (*Id.* at 1.) In a decision dated July 20, 2021, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. (Tr. 738.) Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the joint memorandum (Doc. 29), and the applicable law. For the reasons stated herein, the Court affirms the Commissioner's decision.

---

[1] On February 3, 2022, both parties consented to the exercise of jurisdiction by a magistrate judge in this case. (Doc. 21.) Accordingly, this case was referred to the undersigned by an Order of Reference on February 7, 2022. (Doc. 24.)

### I. ISSUES ON APPEAL

Plaintiff makes the following arguments on appeal:

1. Whether the ALJ applied the correct legal standards to Dr. Stockhammer's opinions.

2. Whether Plaintiff's case should have been reassigned to a properly appointed ALJ under the Appointments Clause of the United States Constitution.

### II. STANDARD OF REVIEW

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is de novo." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

### III. ANALYSIS

**A. Whether the ALJ applied the correct legal standards to Dr. Stockhammer's opinions.**

Plaintiff argues that the ALJ "failed to apply the correct legal standards to Dr. Stockhammer's opinions and made findings not supported by substantial evidence." (Doc. 29 at 10–14.) The Commissioner contends that the ALJ's determination of Dr. Stockhammer's opinions were supported by substantial evidence. (*Id.* at 19.)

In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining, and non-examining medical sources. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The ALJ must consider a number of factors when weighing medical opinions, including: (1) whether the physician examined the claimant; (2) the length, nature, and extent of the physician's relationship with the claimant; (3) the medical evidence supporting the physician's opinion; (4) how consistent the physician's opinion is with the record as a whole; and (5) the physician's specialization. *Id.* § 404 .1527(c).[2]

A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *See id.* § 404.1527(c)(2) (stating the ALJ must give controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). The ALJ must state the weight assigned to each medical opinion and articulate the reasons supporting the weight assigned. *Winschel*, 631 F.3d at 1179. The failure to state the weight with particularity or articulate the reasons in support of the assigned weight may prevent the Court from determining whether the ALJ's ultimate decision is rational and supported by substantial evidence. *Id.*

Plaintiff asserts that the ALJ erred in assigning little weight to Dr. Stockhammer's opinion. Dr. Stockhammer evaluated Plaintiff at various times

---

[2] Although the Commissioner has adopted new regulations for considering medical opinions for claims filed on or after March 27, 2017 (*see* 20 C.F.R. § 416.920(c), the claims here were initially filed in May 2014 (Tr. 63–64); thus, the rules in § 404.1527 apply.

between October 2014 and June 2017. (Tr. 731–732.) Notably, on May 20, 2015, Dr. Stockhammer rated Plaintiff's lower extremity strength as 2 out of 5 and her grip strength as 3 out of 5. (Tr. 363.) Later, in October 2015, Dr. Stockhammer opined that Plaintiff's ability to handle objects was good. (Tr. 461.) He noted that Plaintiff could not lift weight, that Plaintiff could stand for one hour at a time, for a total of four hours over the course of an eight hour day, and that Plaintiff could sit for three to four hours at a time, for a total of five hours over the course of an eight hour day. (Tr. 460.) However, in May 2017, Dr. Stockhammer issued a new assessment in which he noted that Plaintiff's prognosis was poor. (Tr. 522.) Dr. Stockhammer indicated that Plaintiff could lift five pounds of weight, that Plaintiff could stand for one hour at a time, for a total of three hours over the course of an eight hour day, and that Plaintiff could sit for 45 to 60 minutes at a time, for a total of three hours in an eight hour day. (Tr. 521.)

The ALJ made the following determination regarding Dr. Stockhammer's opinion:

> Based upon the[] inconsistencies [in Dr. Stockhammer's medical records], and based upon the fact that these limitations are incongruent with his treatment records, which continuously stated [Plaintiff's] conditions were controlled with medication and stable, little weight can be given to these opinions. In addition, these opinions were inconsistent with subsequent exam findings from Dr. Carpenter noting normal strength and range of motion in all extremities. It is also inconsistent with the claimant's own reported activities of working part time in 2019.

(Tr. 732.) Plaintiff asserts that the ALJ improperly accounted for Dr. Stockhammer's May 2017 opinion because the ALJ failed to consider the period of time that elapsed

- 4 -

between Plaintiff's visits, and that the ALJ overlooked additional aspects of Dr. Stockhammer's and Dr. Carpenter's evaluations. However, the undersigned finds that the ALJ properly discounted Dr. Stockhammer's May 2017 opinion.

Social Security regulations and related caselaw allow an ALJ to discount the opinion of a treating physician for good cause. 20 C.F.R. § 416.927(c), (d); *Phillips v. Barnhart*, 357 F.3d 1232, 1240–41 (11th Cir. 2004). ("This Court has concluded 'good cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.") The ALJ conducted a comprehensive review of Dr. Stockhammer's records related to Plaintiff's conditions, noting that Plaintiff was consistently deemed 'stable' throughout her medical records. (Tr. 273, 285, 322, 331, 336, 344, 351, 549, 560.) Moreover, the ALJ stated that Dr. Stockhammer's May 2017 opinion was inconsistent with Dr. Carpenter's medical records. For example, in March 2015, Dr. Carpenter indicated that Plaintiff maintained a full range of motion in her upper and lower extremities, that Plaintiff's strength and grip strength were 5/5, and that her physical examinations were overall "normal." (Tr. 431–432.) While there is a lapse in time between the medical records, the ALJ must nevertheless consider how consistent Dr. Stockhammer's opinion is with the record as a whole, including conflicting medical opinions. See 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion).

Upon consideration of the ALJ's reasons for discounting Dr. Stockhammer's opinion and according it "little weight," the undersigned finds that the determination is supported by substantial evidence.

### B. Whether Plaintiff's case should have been reassigned to a properly appointed ALJ under the Appointments Clause of the United States Constitution

In May 2014, Plaintiff filed an application for DIB and SSI benefits, alleging an onset date of January 5, 2013. (Tr. 63–64.) The application was originally denied, and Plaintiff requested a hearing, held on August 7, 2017, before ALJ Gregory J. Froehlich. (Tr. 700–20.) On August 29, 2017, ALJ Froehlich issued an unfavorable decision and found that Plaintiff was not disabled. (Tr. 17-38.) Plaintiff requested a review of the decision (Tr. 15), which was denied by the Appeals Council. (Tr. 9–12.) Plaintiff then appealed the decision to the United States District Court, and on March 14, 2019, this Court reversed and remanded Plaintiff's case for further administrative proceedings. (Tr. 806–11.)

On August 9, 2019, the Appeals Council entered an Order remanding Plaintiff's case back to ALJ Froehlich for further administrative proceedings. (Tr. 799–803.) On May 3, 2021, Plaintiff attended a subsequent administrative hearing before ALJ Froehlich, who once again found that Plaintiff was not disabled and issued an unfavorable decision. (Tr. 721–745.)

Relying primarily on *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018), Plaintiff requests that her case be remanded to a different ALJ, arguing that during her first administrative hearing, ALJ Gregory Froehlich was not constitutionally appointed

pursuant to the Appointments Clause. (*See* Doc. 29 at 21.) Plaintiff further asserts that her failure to raise this argument before this juncture does not make such argument untimely, relying on *Carr v. Saul*, 141 S. Ct. 1352 (2021), as support. (*Id.* at 23.)

In *Lucia*, the Supreme Court held that ALJs at the Securities and Exchange Commission were required under the Appointments Clause to be appointed by "the President, a court of law, or a head of department." 138 S. Ct. at 2051, 2055. Noting that the ALJ in *Lucia* was not so appointed and that the petitioner had timely challenged the ALJ's appointment at the administrative level, the Supreme Court found that remand was necessary. *Id.* at 2055. Additionally, to prevent the appearance of futility by appearing before the same ALJ, the Court required that a different ALJ hear the case on remand. *Id.* at 2055, n.5. In *Carr*, the Supreme Court found that claimants could timely raise Appointments Clause issues in federal court rather than before the administrative body. 141 S. Ct. at 1362.

Here, Plaintiff does not contend that the ALJ was not properly appointed by the time her second hearing began for the July 20, 2021, decision. Rather, Plaintiff argues that she was entitled to a different ALJ in the second hearing because the original ALJ was improperly appointed in the first hearing. Plaintiff relies on a number of non-binding cases for this argument, including *Brooks v. Kijakazi*, No. 21-2048, 2023 WL 2147302 (4th Cir. 2023) and *Cody v. Kijakazi*, 48 F.4th 956 (9th Cir. 2022). (Docs. 30, 34.)

In another case involving the same ALJ, the undersigned previously rejected an Appointments Clause challenge. *Croce v. Comm'r of Soc. Sec.*, No. 6:20-cv-1393-EJK,

2022 WL 2276879, at *2 (M.D. Fla. Feb. 9, 2022). *Cody* and *Brooks* are not binding authority in this Court, and the undersigned declines to adopt their reasoning. In this case, the Court remanded the ALJ's original, August 2017 decision, which was vacated by the Appeals Council in August 2019. (Doc. 29 at 2.) At the time of Plaintiff's new hearing on May 3, 2021, the ALJ had been properly appointed, and Plaintiff does not dispute as much. (*See id.*) Accordingly, absent binding authority to the contrary, I find that Plaintiff is not entitled to remand of her case on this issue, as the ALJ was properly appointed at all times relevant to the May 3, 2021, hearing and the July 20, 2021, decision.

IV.   **CONCLUSION**

Upon consideration of the foregoing, it is **ORDERED** that:

1. The Commissioner's final decision in this case is **AFFIRMED**.
2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on March 29, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE